**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

| | |
|---|---|
| DEVERICK SCOTT, ) | |
| ADC # 131042 ) | |
|     Petitioner, ) | **Case No. 5:12-CV-00311 DPM-JTK** |
| v. ) | |
| ) | |
| RAY HOBBS, Director, ) | |
| Arkansas Department of Correction ) | |
|     Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge D.P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Deverick Scott (Doc. No. 1). A response was filed by Respondent Ray Hobbs on September 11, 2012 (Doc. No. 5). After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

Petitioner is an inmate of the Arkansas Department of Correction (ADC), serving sentences for multiple felony convictions. On November 22, 2011, he was charged with disciplinary code violations 12-1 (failure to obey verbal and/or written orders of staff) and 10-3 (indecent exposure) for masturbating in front of a guard and refusing to obey orders to stop. At a hearing held on March 2, 2012, he was found guilty of the violations. His good time class was reduced, and he was sentenced to 30 days in punitive isolation. Petitioner unsuccessfully

pursued all appropriate administrative appeals regarding the decision within the ADC, culminating with the respondent's denial of his appeal on February 7, 2012.

## Discussion

Petitioner argues that 1) the department failed to obtain a witness statement favorable to him; 2) the complaining officer put the wrong date, place, and time in the disciplinary report; 3) the record was incomplete (for the same reasons stated in his second claim); and 4) he was denied the right to present security camera evidence that allegedly would have corroborated the unobtained witness statement.  He asks the Court to overturn the findings of guilt in the disciplinary action, restore his good time classification, and order that the ADC pay the sum of $100 per day for the 30 days he spent in punitive isolation.  Respondent contends that these claims are not cognizable under § 2254, procedurally defaulted, and without merit.

While the Court finds that all of Respondent's assertions are correct, it is only necessary to discuss whether Petitioner's claims are cognizable under § 2254.  Petitioner is no stranger to the Court because he has filed a substantial number of § 1983 and § 2254 actions in a short period of time.  Of the nine cases that he filed during the span from May 21, 2012, to March 6, 2013, three were § 2254 petitions challenging prison disciplinary proceedings.  This is the third such petition.

The first two petitions raised claims that were essentially identical to the ones he raises now and sought identical relief. *See Scott v. Hobbs*, No. 5:12-cv-00209 (E.D. Ark. Nov. 2, 2012) (Miller, J.) (arguing that 1) ADC officials improperly refused his request to review security camera tape, 2) the notice of charge had incorrect date and time for alleged incident, and 3) he was charged only after he complained about not being fed); *Scott v. Hobbs*, 5:12-cv-229 (E.D. Ark. Sept. 27, 2012) (Marshall, J.) (arguing that 1) he was denied due process by not being

allowed to present videotape evidence, 2) the record was incomplete due to errors regarding the time of the incident, and 3) the disciplinary report was filed in retaliation). As explained in those decisions, Petitioner has failed to state a viable due process claim because there is no constitutionally protected liberty interest at stake here. *See Scott v. Hobbs*, 5:12-cv-229, at 5-7 (E.D. Ark. Sept. 27, 2012) (Marshall, J.). Petitioner's argument regarding the disciplinary report's clerical errors is also not a valid claim. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (prison official's failure to follow prison policy does not rise to the level of a constitutional violation); *Kennedy v. Blankenship*, 100 F.3d at 640, 641-43 (8th Cir. 1996).

The current petition does not contain any meritorious, exhausted claims that are cognizable upon federal habeas review, and the Court advises Petitioner that he should not use habeas corpus as a substitute for § 1983 actions.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 25th day of July, 2013.

_____
United States Magistrate Judge